WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ireland Miller, Inc., ) No. CV-10-00354-PHX-ROS
)
    Plaintiff, ) **ORDER**
)
vs. )
)
)
Shee Atika Holdings Phoenix, LLC, et al.,)
)
    Defendants. )
)
)

    Pending before the Court are motions to dismiss filed by each Defendant. For the following reasons, the motions will be granted in part.

**BACKGROUND**

    Plaintiff Ireland Miller, Inc. ("Plaintiff") entered into an agreement with Defendant Shee Atika Holdings Phoenix, LLC ("Seller") for the purchase of real property in Tempe, Arizona.[1] (Doc. 1-1 at 12-13). Section four of the parties' purchase agreement required Seller deliver to Plaintiff a copy of "any correspondence or notices from any governmental agencies concerning the Property." (Doc. 10-1 at 7). The agreement also provided "except as expressly set forth in [the agreement], Seller has not made and does not make any warranty or representation regarding the truth, accuracy or completeness of the information provided by Seller to [Plaintiff] or the source(s) thereof." Finally, Seller represented and

---

[1] Defendant Shee Atika, Inc. is the sole member of Seller.

warranted that except for the notices provided pursuant to section four, it had "received no written notice from any city, county, state or other government authority of any violation of any statute, ordinance, regulation, or administrative or judicial order or holding . . . with respect to the Property."

During the due diligence period contemplated by the agreement, Plaintiff asked a representative of Seller whether all items required by section four had been produced. In response, Defendant Robert Loiselle, an employee of Seller, provided additional information, "implicitly represent[ing] that all of the items required under [section four] had been provided." (Doc. 1-1 at 13). The purchase was completed on January 8, 2008.

Approximately six months after the purchase, Plaintiff "was contacted by the City of Tempe regarding a Transaction Privilege and Use Tax that had not been paid since January, 2008." (Doc. 1-1 at 13). This tax was not disclosed to Plaintiff prior to the purchase of the property. The City of Tempe sends a "Privilege (Sales), Use and Transient Lodging (Bed) Tax Report" ("Tax Report") to the property owner each month. Seller did not disclose any of these reports to Plaintiff. (Doc. 1-1 at 14). Based on the failure to disclose, Plaintiff filed a seven-count complaint in state court. According to the complaint, the failure to disclose the Tax Reports constituted a breach of contract, a breach of the duty of good faith and fair dealing, fraudulent concealment, negligent nondisclosure, fraud, negligent misrepresentation, and consumer fraud.

The case was removed to this court based on diversity of citizenship.[2] Seller, Shee Atika, Inc., Robert Loiselle, and Sandi Dalton[3] now seek dismissal of Plaintiff's claims. Plaintiff opposes the dismissal of six of the seven causes of action.[4]

---

[2] The evidence shows, and Plaintiff does not dispute, complete diversity exists and more than $75,000 is at issue. Thus, jurisdiction exists pursuant to 28 U.S.C. § 1332.

[3] Ms. Dalton was employed by Seller.

[4] Plaintiff did not oppose the dismissal of the consumer fraud cause of action. Thus, the Court will dismiss that claim.

**ANALYSIS**

**A. Standard for Motion to Dismiss**

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a motion to dismiss, a court must accept all factual allegations as true but need not accept legal conclusions. *Id.*

**B. Plaintiff Adequately Pled a Breach of Contract Claim**

Plaintiff's first cause of action is against Seller for breach of contract based on Seller "failing to provide the Tax Reports from the City of Tempe." Seller moves to dismiss this claim based on two arguments. First, Seller claims the Tax Reports do not qualify as "correspondence or [a] notice[]." (Doc. 10-1 at 7). Second, assuming the Tax Reports should have been disclosed, the agreement does not provide any remedy for this omission. Neither argument is convincing.

**1. Tax Reports May Qualify as Correspondence or Notice**

The agreement required Seller deliver to Plaintiff a copy of "any correspondence or notices from any governmental agencies concerning the Property." (Doc. 10-1 at 7). The complaint alleges the Tax Reports were sent *from* the City of Tempe *to* the property owner.[5] (Doc. 1-1 at 14). Under a plain language reading of the contract, the Tax Reports could qualify as either "correspondence" or a "notice."[6] Thus, under the facts as pled in the complaint, Seller's failure to disclose the Tax Reports states a claim for breach of contract.

---

[5] Seller appears to dispute that these forms were sent by the City of Tempe. But on a motion to dismiss, the Court must accept as true the allegations of the complaint.

[6] Seller contends "correspondence" means "interchange of written communications," while "notice" means "information, and advice, or written warning . . . intending to apprise a person . . . of some fact which it is his right to know." (Doc. 9 at 8-9). A written document sent from the City of Tempe regarding a tax liability conceivably satisfies either definition.

- 3 -

## 2. The Agreement Requires Production of Documents

Seller also argues that the agreement does not actually require the production of any documents. The agreement states "Seller has not made and does not make any warranty or representation regarding the truth, accuracy or completeness of the information provided by Seller to [Plaintiff]." Seller interprets this provision to mean that even if section four required it to turn over the Tax Reports, its failure to do so is irrelevant because it expressly disclaimed the "completeness" of any information it did provide. In other words, section four was meaningless. This interpretation conflicts with one of the "most fundamental rules of contract interpretation," that is, a court must give effect to all parts of a contract. *Tenet Healthsystem TGH, Inc. v. Silver*, 52 P.3d 786, 790 (Ariz. Ct. App. 2002). Pursuant to this rule, the contract absolved Seller of all responsibility regarding the accuracy or completeness of information "except as expressly set forth" in the agreement. The agreement expressly set forth that Seller would provide all correspondence or notices and Seller can be liable for its failure to do so.[7] The breach of contract claim will be allowed to proceed.

## C. Plaintiff Has Not Pled a Claim for Breach of Duty of Good Faith and Fair Dealing

Seller seeks dismissal of Plaintiff's claim for breach of the duty of good faith and fair dealing. The claim will be dismissed as it is duplicative of Plaintiff's breach of contract claim.

"In Arizona, a covenant of good faith and fair dealing is implied in every contract. This is so neither party will act to impair the right of the other to receive the benefits which

---

[7] Seller argues the phrase "except as expressly set forth" in the agreement did not refer to the promise to provide correspondence or notices. But even if that were true, it would create a seemingly inconsistent contract (*i.e.*, section four promises to provide documents while other sections say documents need not be provided). In Arizona, "[w]hen provisions appear to contradict each other, [a court must] try to 'harmonize all parts of the contract . . . by a reasonable interpretation in view of the entire instrument.'" *Wilshire Ins. Co. v. S.A.*, 227 P.3d 504, 506 (Ariz. Ct. App. 2010). Based on the allegations in the complaint, and the text of the contract, the most reasonable interpretation is that Seller had an obligation to provide documents.

- 4 -

flow from their agreement or contractual relationship." *Maleki v. Desert Palms Prof'l Props., LLC*, 214 P.3d 415, (Ariz. Ct. App. 2009). A party can breach this covenant "by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 435 (Ariz. Ct. App. 2002). A claim for breach of the covenant is not proper, however, when a plaintiff merely alleges "[b]reach of an express term in a contract." *Aspect Systems, Inc. v. Lam Research Corp.*, 2006 WL 2683642, at *3 (D. Ariz. 2006).

The complaint states Seller breached the covenant "by failing to disclose the existence of the Transaction Privilege Tax and by failing to provide the Transaction Privilege Tax notices to [Plaintiff]." (Doc. 1-1 at 15). These are the same allegations in support of Plaintiff's claim for breach of contract. Therefore, the two claims are duplicative. The claim for breach of the covenant of good faith and fair dealing will be dismissed, but Plaintiff will be given leave to amend "to plead breach of the implied covenant by some act other than the direct breach of an express contractual obligation." *Aspect*, 2006 WL 2683642, at *3.

**D. Plaintiff's Fraud Claims Must Be Dismissed**

All Defendants seek dismissal of the fraudulent concealment and fraud claims based on the failure to plead with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). When pleading fraud, the circumstances of the alleged fraud "must be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). In particular, the complaint must establish the "who, what, when, where, and how" of the alleged fraud. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). The complaint falls short of these requirements.

In support of its fraudulent concealment claim, Plaintiff alleges Defendants "failed to disclose and intentionally prevented [Plaintiff] from discovering that there was a Transaction Privilege and Use Tax related to the use of the Property." Plaintiff does not provide any information on who took what acts and when those acts occurred. In support of the general

fraud claim, Plaintiff alleges Defendants "represented that all documents and information required by [the sale agreement] had been provided to [Plaintiff]." (Doc. 1-1 at 18). Again, Plaintiff does not state who made this representation nor does it state when this representation occurred.

The complaint recites the elements of fraud but "conclusory allegations . . . are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). The fraud claims will be dismissed and Plaintiff will be granted leave to amend to identify the factual predicates for its fraud claims.

**E. Plaintiff's Claim for Negligent Disclosure and Negligent Misrepresentation Must Be Dismissed**

Plaintiff claims Defendants negligently failed to disclose the existence of the transaction privilege tax. In particular, Seller "failed to exercise reasonable care to disclose the basic fact that the use of the Property was subject to a transaction Privilege and Use Tax." (Doc. 1-1 at 17). Plaintiff concedes that its claims for negligent nondisclosure and negligent misrepresentation are premised on Seller having "a duty . . . to disclose the matter in question." (Doc. 15 at 15). Seller points to the sale agreement as the source of the duty to disclose. But claiming that Seller breached a duty set forth in the parties' agreement merely is another attempt to plead a breach of contract claim (*i.e.*, if the agreement required disclosure and Defendants failed to do so, that is a breach of the agreement). As with the breach of the duty of good faith and fair dealing claim, the claims based in negligence are duplicative of the breach of contract claim and must be dismissed.[8]

---

[8] Even if the negligence claims were not duplicative, they would be barred by the economic loss rule. The economic loss rule limits a "contracting party to contractual remedies for the recovery of economic losses unaccompanied by physical injury to person or other property." *Flagstaff Affordable Housing Ltd. P'ship v. Design Alliance, Inc.*, 223 P.3d 664, 667 (Ariz. 2010). The negligence allegations in the complaint are addressed solely to an alleged breach of the parties' agreement and there is no allegation of physical injury to persons or property. Under these circumstances, Plaintiff cannot recover in tort.

Accordingly,

**IT IS ORDERED** the Motions to Dismiss (Doc. 9, 25, 28, 29) are **GRANTED IN PART WITH LEAVE TO AMEND**. Plaintiff shall file its amended complaint within eleven days of this Order. If no amended pleading is filed, Defendant Shee Atika Holdings Phoenix, LLC shall file an answer to the breach of contract claim.

**IT IS FURTHER ORDERED** the Motions for Leave to File Amended Complaint (Doc. 15, 32) are **DENIED AS MOOT**.

DATED this 12th day of July, 2010.

_____
Roslyn O. Silver
United States District Judge